

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2019

**BY ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United v. Jason Morgan*, 09 Cr. 699 (PAC)

Dear Judge Crotty:

      The Government respectfully submits this letter in response to defendant Jason Morgan's motion for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018, which makes retroactive the provisions of the Fair Sentencing Act of 2010 that lowered the mandatory minimum sentences applicable to offenses involving cocaine base (crack cocaine). As discussed below, the Government agrees that Morgan is eligible for a reduction of sentence under the First Step Act, but opposes a sentence reduction. The docket sheet; the original August 27, 2010, Presentence Investigation Report (the "PSR"); and the September 8, 2010 sentencing transcript ("Sent. Tr.") for Morgan provide sufficient information to address the particular circumstances of Morgan's motion.

      **Applicable Law.** "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *United States v. Dillon*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Title 18, United States Code Section 3582(c)(1)(B) provides one such circumstance: "[A] court may modify an imposed term of imprisonment to the extent otherwise *expressly* permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." (Emphasis added). Section 404(b) of the First Step Act provides, in relevant part, that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." This provision satisfies the express permission required under 18 U.S.C. § 3582(c)(1)(B) to modify an already imposed term of imprisonment by making retroactive the portions of the Fair Sentencing Act that lowered statutory penalties for certain offenses involving cocaine base. *See, e.g.*, *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)[.]"); *United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (construing First Step Act motion as brought pursuant to 18 U.S.C. § 3582(c)(1)(B)); *United States v. Potts*, 2019 WL 1059837, at *2-3 (S. D. Fla. Mar. 6, 2019) ("§ 3582(c) provides the procedural vehicle whereby this Court may modify Defendant's sentence"); *United States v. Fountain*, 2019

April 9, 2019
Page 2

WL 637715, *2 (W.D.N.C. Feb. 14, 2019) (finding that the defendant is "eligible for . . . a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B)"); *United States v. Jackson*, 2019 WL 613500, *1 (W.D.Va. Feb. 13, 2019) (finding authority to modify the defendant' sentence under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B); *United States v. Copple*, 2019 WL 486440, *2 (S.D. Ill. Feb. 7, 2019) ("The Court believes the better vehicle to impose a reduced term of imprisonment [under Section 404 of the First Step Act] is § 3582(c)(1)(B).").

The Fair Sentencing Act was enacted on August 3, 2010, and did not apply retroactively. *See Dorsey v. United States*, 567 U.S. 260 (2012).[1] The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010," and provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(c) states, "No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Prior to the Fair Sentencing Act, under 21 U.S.C. § 841(b)(1)(A), an offense involving 50 grams or more of cocaine base required a mandatory minimum term of imprisonment of 10 years, and allowed a maximum term of life imprisonment. The mandatory sentence was doubled to 20 years if the defendant had a prior conviction for a felony drug offense, and to life imprisonment if the defendant had two such prior convictions. Section 2 of the Fair Sentencing Act changed the threshold quantity to 280 grams for application of these sentencing provisions.

Prior to the Fair Sentencing Act, under 21 U.S.C. § 841(b)(1)(B), an offense involving 5 grams or more of cocaine base required a mandatory minimum term of imprisonment of 5 years, and allowed a maximum term of imprisonment of 40 years. The mandatory sentence was doubled to 10 years if the defendant had a prior conviction for a felony drug offense. Section 2 of the Fair Sentencing Act changed the threshold quantity to 28 grams for application of these sentencing provisions.

Under the First Step Act, a defendant who was sentenced before the Fair Sentencing Act came into effect, and whose sentencing exposure would be different under Section 2 of the Fair Sentencing Act, is entitled to consideration for a reduced sentence. Section 404(b) of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." This provision does not, however, authorize a complete resentencing. *See Dillon v. United States*, 560 U.S. 817,

---

[1] Morgan was sentenced after the Fair Sentencing Act's enactment, but before the Supreme Court decided *Dorsey*. While the Court was asked to consider the impact of the Fair Sentencing Act in imposing Morgan's sentence, the Court construed the Fair Sentencing Act as applying to offenses that occurred after its passage, and as such, the Act was not controlling in the Court's sentencing determination. (Sent. Tr. 8:1-4).

April 9, 2019
Page 3

825-26, 831 (2010) (analyzing analogous sentence reduction provision, 18 U.S.C. § 3582(c)(2)). Instead, as with sentence reductions under 18 U.S.C. § 3582(c)(2), the Court should first determine whether the defendant is eligible for consideration under the First Step Act (that is, whether he was sentenced based on a statutory minimum that was lowered by the Fair Sentencing Act). If he or she is so eligible, the Court should calculate the current range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") for all offenses of conviction, and assess whether, in its discretion, a sentencing reduction is warranted.

**No Prior Reduction or Motion for Reduction.** A review of the docket and other available record in this case indicates that the defendant's sentence was not previously imposed or previously reduced under the Fair Sentencing Act of 2010; nor was any previous motion to reduce the sentence, made under Section 404 of the First Step Act of 2018, denied after a complete review of the motion on the merits. The defendant is accordingly not precluded from making this motion by virtue of Section 404(c) of the First Step Act.

**Jason Morgan's Offense Conduct.** As described in the Presentence Report, Jason Morgan was involved in a conspiracy to distribute crack cocaine between May 2008 and May 2009. (PSR ¶ 16). Morgan, along with at least six other individuals, participated in a retail crack cocaine business operating out of the Bronx. (PSR ¶¶ 16-17). Morgan was the leader of that group, and in that role, he supervised other individuals who made hand-to-hand sales of crack cocaine to customers. (PSR ¶ 48). Morgan himself also made many sales of crack cocaine. (PSR ¶¶ 19-25). Morgan was responsible for distributing between 150 and 500 grams of crack cocaine in connection with this conspiracy. (PSR ¶ 48).

**Jason Morgan's Plea and Sentencing.** On or about May 24, 2010, pursuant to a plea agreement that contained a Guidelines stipulation, Morgan entered a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. § 846 ("Count One"). This count required a mandatory minimum of ten years in custody. With respect to the Guidelines calculation, the parties stipulated that Count One involved at least 150 grams but less than 500 grams of cocaine base. Under the 2009 Guidelines in effect at the time of the plea, that quantity range yielded a base offense level of 32, and a total offense level (with reductions for acceptance of responsibility) of 34. However, Morgan was classified as a Career Offender under the Guidelines because: (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense included a controlled substance offense; and (3) he had been convicted of two prior felony convictions involving controlled substance offenses. This yielded a base offense level of 37, and a criminal history category of VI. Following a three-point reduction for timely acceptance of responsibility, Morgan's total offense level was 34, resulting in an applicable Guidelines range of 262-327 months. (PSR, at 24).

At sentencing, the Court imposed a sentence of 180 months—well-above the statutory minimum in place at the time, and well-below the then-applicable Guideline range.

**Sentencing Range on Resentencing.** Under the Fair Sentencing Act, Morgan's mandatory minimum sentence is five years. Because Morgan is a Career Offender, the offense

April 9, 2019
Page 4

level is 34, and the criminal history category is VI. This yields a revised Guidelines range of 188-235 months.

**Disciplinary Issues.** Resentencing is not mandatory under the First Step Act. Rather, whether a resentencing and a reduction in sentence are warranted is entirely within the discretion of the Court. In this regard, we have obtained and reviewed Morgan's SENTRY record. Apart from an incident that took place prior to sentencing and that was detailed in the PSR (*see* PSR ¶ 7) for flipping a tray towards an inmate, Morgan has a November 2010 violation for fighting with another person. Given the age of these incidents and Morgan's otherwise satisfactory conduct during the term of his current incarceration as described in his submission, the Government does not take the position that his early release would imperil public safety. However, as described in more detail below, the Government has not identified any factors that counsel for a reduction of what is already a below-Guidelines sentence.

**Morgan Should Not Receive a Sentence Reduction.** The Government opposes a sentence reduction, because even under the revised Guidelines range, Morgan received a below-Guidelines sentence and there are no additional factors that support a further reduction.

At Morgan's sentencing, during which Morgan advocated for the statutory mandatory minimum sentence of ten years, the sentencing Court indicated that it had been prepared to give a Guidelines sentence of 262 months. (Sent. Tr. 14, 17). Morgan's counsel argued, however, that his criminal history and Career Offender status were not reflective of the defendant's circumstances:

> The father is 56, the mother is 53. They should be in the midst of their working life. But instead, they're willing to tell a federal district court judge that their 30-year-old son is their breadwinner. . . . [W]hen he was out in the street. . . he would get calls from the parents all the time saying we need to go to the doctor, we need to get medicine, we need to do this, we need to do that, you got to help us. And he tried. And the problem, of course, was he came from a family where his parents were drug dealers. . . His parents saw Jason as their breadwinner, and their letter shows how little insight they have into the level of pressure that they put on this fellow. They simply were willing to be supported by their son. And sadly, frankly, Jason tried, the way they taught him. And he wasn't violent.

(Sent. Tr. 11). After taking counsel's submission into consideration, which gave the Court "a somewhat different view of the defendant," the Court sentenced Morgan to 180 months – still below the Guidelines that now apply, while significantly above the ten-year mandatory minimum in place at the time. (Sent. Tr. 16-17). The Court further made clear that it did not consider a ten-year sentence – effectively the sentence that Morgan now seeks – to be an appropriate sentence. (Sent. Tr. 21) ("[Morgan's conduct"] didn't warrant a sentence of more than 20 years, but to think it warranted less than ten doesn't make sense either given this huge [criminal] history I'm recounting to you.").

A further reduction also is not warranted in light of the Section 3553(a) factors, which included consideration of Morgan's leadership role in a "drug conspiracy that was responsible for

April 9, 2019
Page 5

distributing large quantities of crack cocaine" and the fact that "none of [the four prior] convictions and subsequent incarcerations deterred him from going right back to the drug business." (Sent. Tr. 18, 20).

In addition, the Government opposes a reduction of Morgan's term of supervised release under the First Step Act. Morgan was sentenced to 5 years' supervised release. Under Section 841(b)(1)(c), the new statutory minimum term of supervised release is 4 years. The Court should assume that the sentencing court imposed a term of supervised release, in connection with a below-Guidelines term of imprisonment, that it deemed sufficient, but not longer than necessary, to serve the goals of supervised release.

**Form of Order and Delay of Release.**

1. Statutory Authority. The Government notes that in entering an order in this matter, the Court should not use the AO Form 247 that was developed in 2011 for Guidelines-based sentencing reduction motions under 18 U.S.C. § 3582(c)(2). Instead, the Government requests that any order on this motion reference it statutory authority via introductory language to the following effect:

> Upon motion of the defendant under 18 U.S.C. § 3582(c)(1)(B) for a reduction in the term of imprisonment imposed based on Section 404(b) of the First Step Act of 2018, P.L. 115-391, § 404(b), 132 Stat. 5194, 5220 (2018), and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, it is hereby ORDERED that . . .

2. Delay of Release. Should the Court's new sentence result in an immediate release of [defendant], the Government further requests that the Court's order contain the following provision:

> The Bureau of Prisons is authorized to delay execution of this Order for up to ten days after its issuance so that the Bureau of Prisons may make necessary arrangements for the defendant to be received upon release, and to ensure that any other necessary notifications and formalities are accomplished. The Bureau of Prisons is authorized to release the defendant before the ten-day delay has ended if the necessary arrangements, notifications, and formalities for release are completed earlier.

The principal reason for this delay is that the Bureau of Prisons has advised that it may take time for appropriate living arrangements to be made for an inmate upon release, particularly if the inmate does not have relatives who can take him or her in. In addition, in some instances (fairly infrequent for those convicted only of narcotics charges), the Bureau of Prisons may also need (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; and (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. § 4042(b) & (c). The Bureau of Prisons is also required to collect DNA samples pursuant to 42 U.S.C. § 14135a, although these are usually obtained at the time of entry into Bureau of Prisons custody.

April 9, 2019
Page 6

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney for the
                      Southern District of New York

By: _____/s/_____
                      Rushmi Bhaskaran
                      Assistant United States Attorney
                      212-637-2439

cc:    Mitchell Dinnerstein, Esq.
        Deputy U.S. Probation Officer Dawn Doino