UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA                        :
                                                :
                                                :    09 Cr. 699 (PAC)
      - against -                               :
                                                :    **ORDER**
                                                :
JASON MORGAN,                                   :
                                                :
            Defendant.                          :
------------------------------------------------------------------------X

This order GRANTS Jason Morgan's application for release pending the hearing on his alleged violation of supervised release ("VOSR"). The current conditions of supervised release are imposed, and the following conditions are added: Morgan must post a $50,000 bond, co-signed by two financially responsible persons; his release is subject to home confinement with electronic monitoring; and Morgan's travel is restricted to the Southern and Eastern Districts of New York.

## BACKGROUND

On July 22, 2019, this Court reduced Morgan's sentence to time served, followed by four years of supervised release. Mem. & Op. 8–9, ECF No. 231; *see infra* p. 4. The Court relied in part on Morgan's exemplary disciplinary record and his sustained efforts at self-improvement. Morgan began his term of supervised release on August 7, 2019. VOSR Report 1.

On October 2, 2020, Morgan was arrested in the Bronx by the N.Y.P.D. for possession of a loaded 9MM firearm with a defaced serial number, along with a quantity of marijuana. VOSR Report 2–3. He was processed through the New York state criminal justice system, bail was set and posted, and he was released. *See* Remote Presentment Tr. 14:10–12.

On October 8, 2020, Probation Services petitioned this Court to issue a warrant for Morgan's arrest, accusing Morgan of violating the conditions of his supervised release by

1

engaging in new criminal conduct. VOSR Report 4. On October 9, the Court authorized a federal warrant for Morgan's arrest.

While awaiting execution of the federal arrest warrant on the VOSR, the state process ground forward. A New York state grand jury heard the case; Morgan testified before it. Remote Presentment Tr. 14:24–15:5. The New York state grand jury "voted no true bill"—in other words, it did not indict Morgan. *Id.* at 15:2–5.

On January 11, 2021, Morgan was arrested on the federal VOSR warrant, and Magistrate Judge Wang ordered him detained the following day.[1] *Id.* at 9:21–22, 28:21–22.

On January 26, 2021, this Court held a status conference on Morgan's upcoming VOSR hearing, during which Morgan requested release pending revocation proceedings, pursuant to Federal Rule of Criminal Procedure 32.1(a)(6). The Court heard arguments from Morgan and the Government and reserved its ruling on the motion.[2]

## DISCUSSION

**I.     Law**

Federal Rule of Criminal Procedure ("Rule") 32.1(a)(6) governs release pending a VOSR hearing. Fed. R. Crim. Pro. 46(d). As opposed to ordinary pretrial detention, in which the government bears the burden of establishing the need for detention, Rule 32.1(a)(6) places the burden on the defendant to establish, by clear and convincing evidence, that he will not flee or pose a danger to anyone else in the community before a court may grant him release pending his VOSR proceedings. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). In determining

---

[1] Magistrate Judge Wang "suggest[ed] that [Morgan] may have [carried his burden of proof] as to risk of flight," but determined that Morgan had not carried his burden of proving by clear and convincing evidence that he is neither a flight risk nor a danger to the community. Remote Presentment Tr. 28:7–16.

[2] 18 U.S.C. § 3145(b) is the authority for this motion.

whether a VOSR defendant is a flight or safety risk, the court shall consider: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of any danger the defendant poses to anyone in the community. 18 U.S.C. § 3142(g); *see also United States v. Passley*, Nos. 15-CR-287-20 (WFK), 19-CR-534 (WFK), 2020 WL 1815834, at *3 (E.D.N.Y. Apr. 9, 2020).

## II.     Application

Upon applying the parties' evidence to each of the four factors listed in 18 U.S.C. § 3142(g), the Court concludes that Morgan has carried his burden. The Court's analysis for each factor is as follows:

First, the nature of the offense is serious, and weighs against granting release. A proven VOSR is a betrayal of the Court's trust, but here, the criminal conduct underlying the VOSR is especially serious, because four of the five specifications charge Morgan, a convicted felon, with possessing a loaded, defaced firearm. The fifth specification, charging Morgan with possessing a quantity of marijuana, is less serious, but nonetheless shows—if true—that Morgan was involved with both an illegal gun and illegal drugs. In sum, the nature of the offense weighs against granting release, because the conduct underlying the VOSR is serious and tends to show that Morgan poses a danger to the safety of others. *See United States v. Dillard*, 214 F.3d 88, 93 (2d Cir. 2000) ("We think it undeniable that possession of a gun gives rise to *some* risk that the gun may be used in an act of violence. . . . Possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence.").

Second, the weight of the evidence against Morgan is a factor that weighs strongly in favor of granting release. While the Government's burden requires only a preponderance of the

evidence to prove a VOSR, *Johnson v. United States*, 529 U.S. 694, 700 (2000), the New York state grand jury failed to return an indictment on the criminal charges which are the basis of the VOSR specifications, showing that they did not find even probable cause to prosecute Morgan on those charges.  That the Bronx District Attorney was unable to establish probable cause to believe Morgan committed the offenses underlying the specifications casts significant doubt on the federal government's ability to establish that Morgan more likely than not violated his supervised release by committing those same offenses.  The Court is advised that the Bronx District Attorney may re-present the case to the grand jury, but at present, there is no valid charge pending against Morgan.  Remote Presentment Tr. 21:6–15.

Third, Morgan's history and characteristics, on the whole, weigh in favor of granting release.  Although Morgan has a significant criminal history, he has significantly rehabilitated himself.  When granting Morgan's sentence reduction in 2019, this Court emphasized Morgan's "exemplary record of compliance with institutional disciplinary regulations," (Mem. & Op. 8) his completion of academic and vocational coursework (Mem. & Op. 6), and his success in rising above difficult circumstances to improve himself (Mem. & Op. 8).  At the same time, this VOSR represents Morgan's third arrest for firearms-related offenses, and, of course, he allegedly committed the offense while on supervision, which—if true—reflects negatively upon his character.  VOSR Report 5.  Still, other aspects of Morgan's nature and characteristics balance this factor in favor of granting release.

Morgan has strong ties to his family and the community, which reduce his flight risk.  Morgan's close family relationships were another factor the Court considered in granting his sentence reduction, and Morgan has maintained those relationships to this day.  *See* Mem. & Op. 7.  Morgan lives with and cares for his grandmother, and remains close with his son, who is on

active duty in the United States Navy.  Mem. & Op. 7.  Morgan has a part-time job, and he is also enrolled at Union Lincoln Technical School, which are community ties further reducing his flight risk.  Remote Presentment Tr. 6:7–8; VOSR Report 2.

A defendant's record of attendance at court proceedings is another aspect of his nature and characteristics.  18 U.S.C. § 3142(g)(3)(A).  Morgan violated the terms of his supervised release by traveling out of state multiple times, most recently to Las Vegas in December 2020, after the Bronx grand jury voted no true bill.  Remote Presentment Tr. 23:8–13, 26:9–13.  But Morgan has always come back.  He has always attended court proceedings—indeed, he appeared in New York state court several times while the federal VOSR warrant was out for his arrest.  Remote Presentment Tr. 18:7–10.  Accordingly, the Court is not inclined to view these travel violations as an indication that Morgan is likely to flee the jurisdiction to escape judicial proceedings.

Finally, while the firearms specifications do suggest that Morgan is dangerous, as mentioned above, the nature and seriousness of that danger is minimal.  As this case now stands, Morgan is presumed innocent of the VOSR specifications; he denies that he possessed the firearm; and a New York state grand jury failed to indict him on the charges underlying the specifications, giving significant support to his assertion of innocence.  And again, Morgan's extensive rehabilitation weighs against a finding of present dangerousness based on past conduct.

For the foregoing reasons, the Court concludes that Morgan has carried his burden of establishing by clear and convincing evidence that he is neither a flight nor a safety risk. Accordingly, the Court orders Morgan's release pursuant to Rule 31.2(a)(6) and 18 U.S.C. § 3143(a)(1) while his VOSR hearing is pending, subject to the conditions set forth in the supervised release order, and the following conditions: (1) Morgan must execute a bail bond in the amount of $50,000, co-signed by two financially responsible persons to act as sureties (18 U.S.C. § 3142(c)(1)(B)(xii)); he is subject to (2) home confinement with electronic monitoring (18 U.S.C. § 3142(c)(1)(B)(xiv)); and (3) his travel is restricted to the Southern and Eastern Districts of New York (18 U.S.C. § 3142(c)(1)(B)(iv)).  Upon release, Morgan must self-quarantine for 14 days before Pretrial Services installs the equipment for his electronic monitoring.

Dated: New York, New York
      February 4, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge